USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __05/02/2022__

**MEMORANDUM ENDORSEMENT**

<u>United States v. Mordechay Malka,</u>
S3 19-cr-497 (NSR) (09)

    The Court is in receipt of the attached letter from *pro se* Defendant Mordechay Malka, dated May 1, 2022, making several requests to the Court in anticipation of the *de novo* review of his bail application. After due consideration, the Court rules as follows:

(1) With respect to the witness subpoenas he seeks for purposes of the bail hearing, the Court DENIES *pro se* Defendant's request without prejudice with leave to renew. Before *pro se* Defendant requests any witness subpoenas for purposes of the bail hearing, he must seek the assistance of his standby counsel to obtain them on his behalf and must also identify
   a. Each of the witnesses he plans to call;
   b. The purpose for calling each witness;
   c. The sum and substance of the testimony that each will proffer at the bail hearing; and
   d. The relevance of such testimony to the Court's *de novo* bail review.

(2) With respect to the audio tapes and videos he seeks to introduce, the Court DEFERS ruling on these requests until *pro se* Defendant:
   a. Indicates the format for each of the "audio tapes" and "5 videos" (*i.e.*, analogue vs. digital);
   b. Indicates by what means are these "audio tapes" and "5 videos" to be played during the hearing;
   c. Identifies who are the declarants in these "audio tapes" and "5 videos";
   d. Identifies both the substance *and* the purpose of these "audio tapes" and "5 videos"; and
   e. Shares copies of these "audio tapes" and "5 videos" with the Court and the Government in advance of the scheduled hearing.

   Additionally, *pro se* Defendant should request the assistance of standby counsel to lay the proper foundation for the admission of any such "audio tapes" and "5 videos."

(3) With respect to the pictures and documents he seeks to introduce, the Court DEFERS ruling on this request until *pro se* Defendant:
   a. Indicates the format for each of these pictures and documents (*i.e.*, physical vs. digital);
   b. Identifies both the substance *and* the purpose of these pictures and documents; and
   c. Shares copies of these pictures and documents with the Court and the Government in advance of the scheduled hearing.

   Further, the Court DIRECTS *pro se* Defendant to discuss with standby counsel about bringing a laptop to the hearing for the purpose of displaying any and all digital photos and documents he wishes to introduce. And moreover, *pro se* Defendant should also

request the assistance of standby counsel to lay the proper foundation for the admission of any such pictures and documents.

The Court also DIRECTS the Government to respond to *pro se* Defendant's requests and to any related submissions he makes thereafter.

The Clerk of the Court is directed to terminate the motion at ECF No. 573. Standby counsel SHALL serve a copy of this endorsement on *pro se* Defendant by any necessary means and file proof of such service.

Dated: May 2, 2022　　　　　SO ORDERED:
　　　　　White Plains, NY

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　HON. NELSON S. ROMAN
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**SUSAN C. WOLFE, ESQ.**
Law office of Susan C. Wolfe
1700 Broadway, 41st Floor
New York, York 10019

Tel:    (917) 209-0441                                                                  Diane Fischer,
Email:  scwolfe@scwolfelaw.com                                          of counsel

May 1, 2022

Hon. Judge Nelson S. Román
United States District Judge
United State District Court
300 Quarropas Street
White Plains, NY 10601
*Via ecf and* email: Gina_Sicora@nysd.uscourts.gov

Re:  *United States v. Mordechai Malka*, 19-cr-497-NSR

Dear Judge Román:

    I am standby counsel for Modechay Malka, *pro se.*  Attached is Mr. Malka's letter to the Court regarding witnesses and courtroom technology for his *de novo* bail review hearing on May 4, 2022.  The letter is substantially the same as the one he submitted to the Magistrate except for the substitution of one witness.

    Thank you for your consideration,

Very truly yours,

s/
Susan C. Wolfe
Standby Counsel for Mordechay Malka

~~April 15, 2022~~ May 1, 2022

Dear Honorable Judge ~~Krause~~ Roman:

Let first begin by appreciating you for accepting my case and approving me an in-person bail hearing, scheduled for next Tuesday, April 19, at 10:00 a.m.  This is a very long-awaited bail a because of the restrictions I am facing as a pro se incarcerated defendant, I was not able to make my bail up until now.  I am convinced that with the necessary evidence and witnesses I can prove, with no doubt, that there is not any reasonable concern of flight risk or of dangerousness to any person, and, of course not, to the alleged victims in this case.

For those reasons, I requested my stand by counsel that I should be able at my bail hearing, to show and play that evidence, some of those being in digital and video form, and as well, to subpoena my witnesses, so that I can exercise my right as mentioned in 3142(f)(2)(b) to prove the above-mentioned.  However, because of the restrictions I am facing in jail, and especially communication restrictions with standby counsel and other defense means, I learned yesterday from standby counsel that those arrangements had not yet been have not yet been arranged to be available for the upcoming bail hearing on Tuesday.  Therefore, with no choice, I am turning directly to the Honorable Court to help me achieve and arrange those needs for my bail hearing.  And I respectfully ask the Court to issue subpoenas for the following witnesses that I will mention, and to approve the technological means available for playing and submitting the essential evidence for my bail hearing.

1. Witnesses

I will list my witnesses and the information that I have about them, that I want the Court to subpoena, and I will also give a brief explanation for each witness of why and what I am expecting their testimony will prove and show to the Court at my bail hearing.

1. Minor -1 [Jane Doe], Brooklyn, NY. We expect to elicit testimony from Jane Doe that will prove, among other things, that we are not dangerous to her in any way or any form. And, therefore we should be released.

2. Aron Rosner, co-defendant in this case, Brooklyn, NY. Mr. Rosner is represented by counsel in this case.  We expect to elicit testimony from Aron that will prove, among other

things, that defendants pose no danger or flight risk and especially to support the facts to be considered, laid out in 18 U.S.C. Sec. 3142(g)(1)(2)(3)&(4).

 3. Abraham Horowitz, Rabbi in New York State and Jewish chaplain at the Westchester County Jail, Monsey, NY. We intend to elicit testimony, among other things, from Rabbi Horowitz that will prove the defendants' good behavior in jail for the last 3 years, following the law and obeying any jail orders, as well defendants' religious practice.

 4 and 5.  [In place of previously requested witness] Shmiel and Yakov Weingarten, Westchester County Jail.  We intend to elicit testimony from these recently arrested co-defendants about the critical events in this case and that they did not involve any force or violence and that the purpose was always to alleviate the anguish of child who had cried out for help.

 Those are all necessary to prove that defendants are not dangerous or a flight risk, as well as to support all factors to be considered as mentioned earlier.

 I additionally request the Court to approve and confirm with the Technology Department the possibility of:

1. the playing of about 10 audio tapes;

2. the delivery and use of a portable monitor screen in the court to play 5 videos; and

3. the delivery and use of a digital camera to display picture and documents.

Respectfully submitted by pro se defendants,

Mordechay Malka

Matityau Moshe Malka