# Exhibit B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

October 11, 2021

**BY ECF AND MAIL**

The Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      RE:   *United States v. Matityau Malka*, 19 Cr. 497 (NSR)

Dear Judge Román:

      The Government respectfully submits this letter in advance of the bail hearing for defendant Matityau Malka, scheduled for October 12, 2021, to update the Court on the status of discussions between the Government and Matityau Malka's standby counsel regarding a proposed bail package. As set forth in more detail below, while the parties have largely agreed to conditions of release, there are two conditions that the Government respectfully submits should be imposed to ensure the defendant's return to Court and the safety of the community.

      The Government and standby counsel for Matityau Malka discussed a potential proposed bail package[1] and reached an impasse with respect to the following two conditions:

- The defendant cannot directly or indirectly associate or have contact, outside the presence of standby counsel, with his co-defendants, and any contact in the presence of standby counsel must be in a language that standby counsel can understand.

- The defendant cannot directly or indirectly associate or have contact with any individual currently or formerly associated with Lev Tahor. However, the defendant

---

[1] Based on the Government's understanding of the defendant's position (as communicated through standby counsel), the agreed upon conditions were as follows: (1) $250,000 personal recognizance bond with 5 financially responsible co-signers; (2) home confinement; (3) the defendant cannot directly or indirectly associate or have any contact with known government witnesses, victims and victims family members (this would not limit investigators from conducting appropriate defense investigation, conducted in the presence of standby counsel in a language that standby counsel can understand); (4) access to one telephone without internet access and a preapproved list of numbers to be called (and consent to a pen register); (5) access to laptop computer with limited internet capability to be monitored by pretrial services; and (6) consent to unscheduled inspection of phone and laptop.

can submit a list of names of people associated with Lev Tahor to the Government and pre-trial services for preapproval for communications with those specific people.

The Government views these conditions as necessary to ensuring the defendant's appearance in court and the safety of the community, and it is the Government's understanding that the defendant is unwilling to agree to them.

The Government views these conditions as necessary to any bail package because the defendant's likelihood of fleeing or causing harm to others is significantly increased if he is in contact with his co-defendants and certain members of the Lev Tahor community. The defendant, who is a Guatemalan resident, attempted to kidnap two children at the direction of leaders of Lev Tahor—including his co-defendant, Nachman Helbrans and other members of Lev Tahor that are not currently incarcerated in the United States. Permitting Malka to be at liberty and free to communicate with Helbrans and other co-conspirators in Lev Tahor significantly increases the likelihood that he engages in this type of conduct again, especially in light of recent attempts to kidnap the victims in the case. (*See* Dkt. No. 358 ¶ 16 (superseding indictment charging Malka and his co-conspirators detailing an attempt by members of Lev Tahor to kidnap the victims in March 2021)). A prohibition on communications with co-defendants is a standard condition for defendants on bail in multi-defendant cases. Further, with an unrestricted ability to communicate with other members of Lev Tahor, the defendant will be better able to plan and execute fleeing from the jurisdiction. The Government's insistence on such a condition is not based on a hypothetical concern: following the December 2018 kidnapping, several of Malka's co-conspirators fled the United States to Mexico with the help of their confederates in those countries. In an effort to reach a compromise, and acknowledging the fact that Malka is proceeding *pro se* and may therefore need to engage in certain communications for purposes of his defense, the Government has proposed that the defendant have the ability to interact with his co-defendants in the presence of standby counsel, and that the defendant be able to speak to members of the Lev Tahor community on a pre-approved list. Our understanding is that these compromise positions have been rejected.

The Government respectfully requests that the Court include the above-referenced conditions in any bail package for the defendant.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:   /s/
      Sam Adelsberg
      Jamie Bagliebter
      James Ligtenberg
      Assistant United States Attorneys
      (212) 637-2236

CC:  Standby Counsel (by ECF)
      Matityau Malka (by mail)