```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/19/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

  -against-

MATITYAU MOSHE MALKA and
MORDECHAY MALKA,

              Defendants.

S3 19-CR-497 (NSR)
(05) (09)

ORDER

NELSON S. ROMÁN, United States District Judge:

On May 18, 2022, on the eve of jury selection proceedings and trial, *pro se* Defendants Matityau Moshe Malka (05) and Mordechay Malka (09) presented the Court with their "Letter Motion and Sworn Affidavit to Disqualify the Chamber Pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455." Therein, *pro se* Defendants moved under 28 U.S.C. §§ 144 and 455 to have the undersigned recuse himself based on apparent impartiality, bias, and prejudice which may be "reasonably questioned" by any "reasonable person" when analyzing the totality of its behavior during the entire litigation of their case. Because *pro se* Defendants had neither filed their motion nor produced copies to the Government, the Court allowed (1) *pro se* Defendants to orally put on the record the basis of their motion; and (2) the Government to orally respond to the motion briefly after the Court made copies of the motion and gave the parties some time to review them. After the parties had an opportunity to be heard, the Court orally denied *pro se* Defendants' motion and noted that it would include its reasoning for denying it in a forthcoming order. In view thereof, and after reviewing *pro se* Defendants' motion and affidavit, the Court issues the following order.

    **A.  Legal Standard**

Under 28 U.S.C. § 144, if a party before a district court "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or

prejudice either against him or in favor of any adverse party, . . . another judge shall be assigned to hear [that] proceeding." 28 U.S.C. § 144. The district judge whose personal bias or prejudice is in question "must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily." *Williams v. New York City Housing Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (quoting *Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir. 1966)). That is because "[t]he mere filing of an affidavit of prejudice does not require a judge to recuse himself." *Nat'l Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978). "To be legally sufficient under Section 144, an affidavit must show 'the objectionable inclination or disposition of the judge' [and] it must give 'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *Hoffenberg v. United States*, 333 F. Supp. 2d 166, 171 (S.D.N.Y. 2004) (quoting *Rosen,* 357 F.2d at 798) (quoting *Berger v. United States*, 255 U.S. 22, 33–35 (1921)).

Along similar lines, under 28 U.S.C. § 455, a judge must voluntarily recuse himself "in any proceeding in which his partiality might reasonably be questioned." 28 U.S.C. § 455(a). This includes when a judge holds "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1). The Second Circuit applies this standard by asking whether "'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether 'a reasonable person, knowing all the facts,' would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citations omitted)).

Under either statute, recusal motions are trusted to the district court's discretion. *LoCascio v. United States*, 473 F.3d 493, 495, 498 (2d Cir. 2007) (affirming denial of recusal motion under

2

both §§ 144 and 455). In exercising that discretion, courts should note that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 495. "Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

### B. Application

#### a. Timeliness

As a threshold matter, the Court notes that *pro se* Defendants untimely filed their motion on the eve of jury selection proceedings. Under both §§ 144 and 445, the party moving for recusal must make its motion in a timely fashion. *See* 28 U.S.C. § 144; *Apple v. Jewish Hosp. and Medical Ctr.,* 829 F.2d 326, 333 (2d Cir. 1987); (noting that "the Second Circuit has read a timeliness requirement into 28 U.S.C. § 455 by reading it in combination with 28 U.S.C. § 144, which expressly provides that a party moving for recusal make its motion in a timely fashion."). This means that the party moving for recusal must do so "'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.'" *Gil Enterprises, Inc. v. Delvy,* 79 F.3d 241, 247 (2d Cir. 1996) (quoting *Apple,* 829 F.2d at 333).

The Second Circuit has explained the purpose of requiring that a recusal motion be promptly made as follows:

> First, a prompt application affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take. Second, a prompt application avoids the risk that a party is

3

> holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters.

*In re International Bus. Mach. Corp.*, 45 F.3d 641, 643 (2d Cir. 1995). The actual time elapsed between events is not necessarily dispositive; rather, the court should consider factors such as whether:

> (1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for the delay.

*Apple*, 829 F.2d at 334 (citations omitted).

Here, liberally construing *pro se* Defendants' motion, they seem to assert that the first time they obtained knowledge of facts purportedly demonstrating the basis for recusal of the undersigned was when their co-Defendants, Nachman Helbrans (01) and Mayer Rosner (02), filed their own motion for recusal. (ECF No. 339.) Helbrans and Rosner filed such motion on September 11, 2021—over eight months ago. (*Id.*) *Pro se* Defendants further seem to assert that Helbrans and Rosner's second motion for recusal—which was filed on November 5, 2021, over six months ago—also provides the factual basis for the instant action. (ECF No. 431.) In fact, the majority of filings that *pro se* Defendants "adopt and incorporate" to their instant motion were all made between September 11, 2021, and November 5, 2021. Aside from those filings, *pro se* Defendants contend that only the two most recent status conferences with the Court held on May 4 and 12, 2022, provide the basis for their instant motion. In short: here, "the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim," *Delvy*, 79 F.3d at 247, based on *pro se* Defendants' own motion and affidavit was, *at best*, September 11, 2021.

It follows then, that the resulting delay here must be of eight months. During those eight months, numerous developments transpired in this case, including: the issuance of the S3

4

Superseding Indictment and *pro se* Defendants' arraignment; bail determination hearings; *de novo* bail review hearings; the parties' briefing on their motions in *limine*; the parties' pretrial submissions in anticipation of trial; and the Court's decision on the parties' motions in *limine*. Indeed, considering this case as a whole, during those same eight months: co-Defendants Nachman Helbrans and Mayer Rosner were tried before a jury, convicted, and then sentenced by the Court; co-Defendant Jacob Rosner (04) entered a plea of guilty; co-Defendant Aron Rosner (03) entered into plea negotiations with the Government; and co-Defendants Shmiel (06) and Yakev (08) Weingarten were extradited from Guatemala and had their initial appearance before this Court, as well as their own *Faretta* hearings so that they could proceed *pro se*.

Several courts have concluded that much shorter delays in failing to file a recusal motion than the one here warranted a finding of untimeliness. *See, e.g.*, *Apple*, 829 F.2d at 334 (two-month delay in filing recusal motion after movant learned of relevant facts rendered motion untimely); *United States v. Int'l Brotherhood of Teamsters*, 814 F. Supp. 1165, 1172 (S.D.N.Y. 1993) (same); *Datagate, Inc. v. Hewlett–Packard Co.*, 941 F.2d 864, 871–72 (9th Cir.1991) (six-week delay, during which time judgment entered, rendered recusal motion untimely), *cert. denied*, 503 U.S. 984 (1992); *Martin–Trigona v. Lavien*, 573 F. Supp. 1237, 1245 (D. Conn. 1983) (12–day delay from time movant indicated probability of recusal motion to time motion was actually filed was excessive where court heard and scheduled matters in the interim).

If anything, the record conclusively shows that *pro se* Defendants have "participated in a substantial manner in . . . pre-trial proceedings" during that eight-month delay. Moreover, *pro se* Defendants fail to provide any basis on which they could demonstrate that good cause justifies their eight-month delay in filing their instant motion. Hence, the record indicates that at any point during these eight months, *pro se* Defendants could have raised any of the purported facts that they

5

claim warrant the recusal of the undersigned. Instead, however, they waited until the eve of jury selection proceedings. Accordingly, the Court denies *pro se* Defendants' motion as untimely.

      b. <u>Sufficiency</u>

But even if the Court were to reach the sufficiency of their motion and affidavit, and assuming all the facts alleged in their affidavit are true, *pro se* Defendants' motion is still legally insufficient. Liberally construing their motion, the majority of *pro se* Defendants' arguments involve the Court's legal rulings, predominantly those from its May 11, 2022 opinion and order dealing with the parties' motions in *limine*. (ECF No. 625.) But as the Second Circuit has made clear, adverse decisions alone are not a basis for a finding of impartiality. *See Gallop v. Cheney*, 645 F.3d 519, 520–21 (2d Cir. 2011) (noting that "[an adverse ruling] alone is insufficient to establish the sort of extreme antagonism required for disqualification"); *In re Basciano*, 542 F.3d 950, 957–58 (2d. Cir. 2008) (same); *see also Yousef,* 327 F.3d at 170 (declining to set a precedent that would "essentially . . . requir[e] judges to recuse themselves anytime they were asked to revisit a prior decision"); *see also Liteky,* 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

*Pro se* Defendants' other arguments not involving the Court's prior rulings rest on vague assertions that the Court "repeatedly manipulates the record against the defendants and in favor of the prosecution." *Pro se* Defendants further contend that the Court acted with "extreme personal bias and prejudice . . . during the entire trial of co-defendants . . . Helbrans and . . . Rosner[.]" But allegations of recusal "are insufficient if they merely state conclusions, rumors, beliefs and opinions. Recusal is not warranted for remote, contingent or speculative reasons." *Bin-Wahad v. Coughlin*, 853 F. Supp. 680, 683, 695 (S.D.N.Y. 1994) (holding that "affidavit must show a true personal bias and allege specific facts as opposed to mere conclusions and generalizations").

6

Indeed, "[a]n application for the disqualification of a judge must rest on a factual basis and not on the whim of a litigant who asserts vague contentions." *Ramirez v. United States*, No. 10 Civ. 4343 (WHP), 2012 WL 3834675, at *1 (S.D.N.Y. Aug. 22, 2012). Accordingly, even if the Court were to address the legal sufficiency of *pro se* Defendants' affidavit, and assuming all the facts alleged in their affidavit are true, the Court concludes that such affidavit is legally insufficient to warrant the recusal of the undersigned.

Lastly, insofar as *pro se* Defendants raise any additional arguments in passing by simply by "adopt[ing] and incorporat[ing]" previous filings and motions that the Court has already addressed and ruled on, the Court abides by its previous rulings and considers these arguments waived. *See, e.g.*, *United States v. Griffin*, 794 F. App'x 14, 17 (2d Cir. 2019) ("Although we 'liberally construe' Griffin's briefs, 'reading such submissions to raise the strongest arguments they suggest,' and afford him 'some latitude in meeting the rules governing litigation,' we usually do not decide issues that a defendant raises only in passing." (citations omitted)); *Gerstenbluth v. Credit Suisse Secs (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (explaining that *pro se* litigant "waived any challenge" to the district court's adverse ruling because brief mentioned ruling only "obliquely and in passing"); *United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation omitted)); *Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001) (similar); *Cleveland v. Long Island R.R. Co.*, No. 18-CV-2080 (VEC), 2019 WL 4511952, at *7 (S.D.N.Y. Sept. 18, 2019) ("Nevertheless, because Plaintiff has not adequately developed this argument, the Court need not fully consider it.").

Therefore, for the foregoing reasons, the Court DENIES *pro se* Defendants' motion for recusal of the undersigned.

Dated: May 19, 2022
      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge