UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

  -against-

MATITYAU MOSHE MALKA and
MORDECHAY MALKA,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/19/2022

S3 19-CR-497 (NSR)
(05) (09)

ORDER

NELSON S. ROMÁN, United States District Judge:

    By its motion dated May 15, 2022, the Government seeks to introduce records from Westchester County Jail (the "WCJ Records") at trial during its case-in-chief against *pro se* Defendant Matityau Moshe Malka (05). (ECF No. 630.) The Government avers that these records are direct evidence of *pro se* Defendant's involvement in the March 2019 attempted kidnapping of Minor-1. (*Id.* at 1–2.) Specifically, the Government avers that the WCJ Records indicate that *pro se* Defendant visited his co-Defendant Nachman Helbrans (01) in jail several times in the weeks and months leading up to the March 2019 attempted kidnapping, including twice in March 2019— the precise time period of the attempted kidnapping of Minor-1. (*Id.* at 2.)

    The Government contends that these records are admissible at trial because they are highly relevant in showing that *pro se* Defendant was in contact with Helbrans—the top leader in the Lev Tahor and a crucial player in the charged conduct, including the March 2019 attempted kidnapping—in the weeks and months leading up to the kidnapping attempt. (*Id.*) Moreover, the Government contends that insofar as *pro se* Defendant argues that he was unaware of the Mother's parental rights over the Minors—or did not possess the necessary intent to obstruct the Mother's parental rights—the fact that he visited Helbrans, who was imprisoned for committing identical offenses in connection with the December 2018 kidnapping, would be probative to rebut these

claims. (*Id.*) The Government also contends that these WCJ records contain minimal, if any, prejudice against *pro se* Defendant because, given that *pro se* Defendant is not the one who was incarcerated, admission of these records carries minimal, if any, prejudice. (*Id.*)

But *pro se* Defendant opposes the Government's motion because he argues that the WCJ Records are either irrelevant or minimally relevant. (ECF No. 634.) Specifically, *pro se* Defendant argues that these records do not prove any improper communications between him and Helbrans or corroborate any other specific item of evidence. (*Id.*) Instead, the WCJ records just indicate an association between *pro se* Defendant and his brother-in-law. (*Id.*)

Further, *pro se* Defendant contends these records would cause undue prejudice, confuse the jury and mislead them and cause them to speculate. (*Id.*) He avers that the jury will be prejudiced by this general proof of association with an incarcerated defendant. (*Id.*) Moreover, *pro se* Defendant argues that the WCJ records will cause the jury to speculate as to what if anything was said between him and his brother in law during these jail visits without any evidentiary basis that there were relevant and material improper communications. (*Id.*)

**Legal Standard**

Federal Rule of Evidence 401 requires that, to be admissible, evidence must have a "tendency to make a fact more or less probable" and "the fact [must be] of consequence in determining the action." *United States v. Campos*, 763 F. App'x 97, 100 (2d Cir. 2019). The party introducing evidence carries the burden of establishing its relevance. See Dowling v. United States, 493 U.S. 342, 351 n.3 (1990). Even if evidence is relevant, it can be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

**Application**

After due consideration, the Court concludes that the WCJ Records are admissible because they are relevant, and their probative value is not substantially outweighed by a danger of unfair prejudice. To begin, the Government alleges in this case that *pro se* Defendant conspired with Helbrans and others in attempting to kidnap Minor-1 in March 2019, and that he attempted to commit such kidnapping or aided and abetted the same.

Regarding the conspiracy charge, the Government must prove (1) an agreement among *pro se* Defendant and other persons, the object of which is an offense against the United States; (2) *pro se* Defendant's knowing and willful joinder in that conspiracy; and (3) commission of an overt act in furtherance of the conspiracy by at least one of the alleged co-conspirators. *United States v. Svoboda*, 347 F.3d 471, 476 (2d Cir. 2003). Regarding the international parental kidnapping charge, the Government must prove (1) that Minor-1 had previously been in the United States; (2) that *pro se* Defendant attempted to take Minor-1 from the United States to another country or kept Minor-1 from returning to the United States from another country, or aided and abetted the same; and (3) that *pro se* Defendant acted with the intent to obstruct the lawful exercise of the Mother's parental rights. *See United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010).

Hence, considering the elements of these charges, the Court is of the view that the WCJ Records tend to make both (1) *pro se* Defendant's alleged agreement with Helbrans and others and (2) *pro se* Defendant's alleged knowing and willful joinder in that conspiracy more probable. *See* Fed. R. Evid. 401. Further, as the Government contends, these records also tend to make *pro se* Defendant's claim that he was unaware of the Mother's parental rights over the Minors less probable. What is more, the probative value of the WCJ Records easily outweighs any possible

unfair prejudice. *See* Fed. R. Evid. 403. This is especially true because these records do not indicate whether *pro se* Defendant himself is incarcerated.

Accordingly, provided that the Government lays the proper foundation for the WCJ Records and authenticates these records through written certifications under Federal Rule of Evidence 902(11), the Court will admit these records for a limited purpose.

The Clerk of the Court is directed to terminate the motion at ECF No. 634.

Dated: May 19, 2022
       White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

unfair prejudice. *See* Fed. R. Evid. 403. This is especially true because these records do not indicate whether *pro se* Defendant himself is incarcerated.

Accordingly, provided that the Government lays the proper foundation for the WCJ Records and authenticates these records through written certifications under Federal Rule of Evidence 902(11), the Court will admit these records for a limited purpose.

The Clerk of the Court is directed to terminate the motion at ECF No. 634.

Dated: May 19, 2022
       White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge