```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/01/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

MORDECHAY MALKA,

                        Defendant.

S3 19-CR-497 (NSR) (09)

ORDER

NELSON S. ROMÁN, United States District Judge:

On May 4, 2022, the Court held a hearing to review the Magistrate Judge's bail disposition *de novo* for then *pro se* Defendant Mordechay Malka.[1] During the hearing, the Government represented to the Court that it proposed the following bail conditions to Defendant before he could be released pending his jury trial:

- Bail set at $250,000 in the form of a personal recognizance bond with co-signers;

- Defendant would be held in home detention;

- Defendant would be permitted to attend religious services 1 day per week and documented medical appointments, for which he would submit to supervision by and report for supervision to the Pretrial Services as directed;

- Defendant would surrender any passport to Pretrial Services and would not obtain a passport or other international travel document;

- Defendant would abide by the following restrictions on personal association, residence, or travel SDNY/EDNY:

    - Avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution;

    - Permitted to speak with co-defendants but only in the presence of stand-by/counsel and speaking in a language that can be understood by standby/counsel—this restriction does not apply to communications between Defendant and co-defendant Matityau Moshe Malka (05).

- Defendant would not possess a firearm, destructive device, or other weapon;

---

[1] Standby counsel took over the defense after the Court revoked Defendant's *pro se* status on May 23, 2022.

- Defendant would not use alcohol;

- Defendant would participate in one of the following location restriction programs and comply with its requirements as directed:

    o Limit access to one telephone without internet access and a pre-approved list of numbers to be called (and consent to a pen register);

    o Access to laptop computer with limited internet capability to be monitored by pretrial services and consent to unscheduled inspection of phone and laptop;

    o Provide a list of individuals Defendant wants to have contact/associate with to Pretrial Services and the Government for approval. Defendant shall not contact/associate with anyone not on the approved list.

However, in response, Defendant stated he could not abide by the conditions of not speaking with all members of Lev Tahor as well as only speaking in English with the other co-defendants in the presence of standby counsel.

After considering the parties' arguments and the Bail Reform Act factors *de novo*, the Court upheld the Magistrate Judge's bail disposition after concluding that Defendant posed a flight risk and a danger to the community, and that he would not abide by the proposed bail conditions. Specifically, the Court found that Defendant posed a flight risk because he (i) did not have sufficient ties to the United States despite him being a United States citizen; (ii) was a resident of Guatemala; (iii) was unemployed; and (iv) did not have any financial ties to the United States. The Court also found that Defendant posed a danger to the community because he was charged with serious offense for his participation in an international parental kidnapping conspiracy in which the conspirators made multiple attempts during a three-year period to remove two children away from the custody of their mother. Accordingly, the Court DENIED Defendant's bail application and ORDERED him detained.

Dated: August 1, 2022
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE